IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| STEWART A. MCCRACKEN,<br><br>                Plaintiff,<br><br>vs.<br><br>ETHAN ATKINS, ERIC LINDAUER,<br>& MINERAL COUNTY SHERIFF'S<br>OFFICE,<br><br>                Defendants. | CV 24–60–M–DWM<br><br><br>ORDER |

      On May 7, 2024, Plaintiff Stewart A. McCracken filed a motion for leave to proceed in forma pauperis, (Doc. 1), and lodged a 42 U.S.C. § 1983 complaint alleging that the Mineral County Sheriff's Office and Deputies Ethan Atkins and Eric Lindauer violated his rights under the United States Constitution, (Doc. 2). While his request to proceed in forma pauperis was granted, McCracken was advised that he failed to state a claim for relief and his complaint was subject to dismissal on prescreening under 28 U.S.C. § 1915(e)(2)(B)(ii). (Doc. 4.) He was given the opportunity to amend, (*see id.*), and filed an Amended Complaint on July 31, 2024, (Doc. 5). Because McCracken once again fails to state a claim for relief, his claims are dismissed.

1

To proceed to the merits, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Dismissal is appropriate "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017) (internal quotation marks omitted).

Here, other than providing the date of the alleged constitutional violations at issue, McCracken's Amended Complaint contains no factual allegations at all. (*See* Doc. 5.)  Rather, McCracken simply lists the constitutional provisions he believes were violated and requests monetary damages.  (*See id.*)  McCracken has already been given both the opportunity to make the necessary allegations and specific guidance as to what sort of facts must be provided.  (*See* Doc. 4.)  Because he failed to adequately plead his claim despite the chance to do so, further amendment is not warranted.

Based upon the foregoing, IT IS ORDERED that this matter is DISMISSED WITH PREDJUDICE.  The Clerk is directed to close the case and enter a judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.  The Clerk

is further directed to have the docket reflect that the Court certifies pursuant to Fed. R. App. P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.

DATED this 16th day of September, 2024.

_____
Donald W. Molloy, District Judge
United States District Court